IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CHRISTOPHER COLUMBUS LLC (t/a BEN FRANKLIN YACHT), AS OWNER OF THE VESSEL BEN FRANKLIN YACHT FOR EXONERATION FROM OR LIMITATION OF LIABILTY | : : : Case No. _____ : : : In Admiralty |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Christopher Columbus, LLC t/a BEN FRANKLIN YACHT ("Petitioner"), as owner of BEN FRANKLIN ("Vessel"), bring this Complaint for Exoneration From or Limitation of Liability under 46 U.S.C. § 30511 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, averring as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Venue is properly laid in this district in accordance with Supplemental Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims, inasmuch as the Vessel is located within this district and has not been attached or arrested, and Petitioner has been sued within this District.

3. Petitioner was and is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its corporate headquarters located at 401 North Columbus Boulevard, Philadelphia, Pennsylvania, 19123.

4. Upon information and belief, Claimant, Michael Bocchino, is an individual with a place of residence located at 113 Ardmore Avenue, Ardmore, Pennsylvania 19003.

1

5.     The addresses of John Doe(s)(1-5) and ABC Corporation, named as defendants in the Complaint filed by Claimant Bocchino, are alleged to be the parties involved in the alleged altercation with Claimant Bocchino, or who provided security on the vessel or in the adjacent parking lot where the alleged incident occurred, and/or who own and/or operate the adjacent parking lot, are currently unknown.

6.     At and during all times mentioned herein, Petitioner Christopher Columbus, LLC, was the sole owner of the Vessel BEN FRANKLIN YACHT.

7.     The BEN FRANKLIN YACHT is a 1987 84.5 foot Freeport Shipbuilding Passenger Vessel bearing United States Coast Guard Number 911518, which at and during all times mentioned herein was owned and operated by Petitioner.

8.     At and during all times mentioned herein The BEN FRANKLIN YACHT provided cruise services from a location of 401 North Columbus Boulevard, Philadelphia, Pennsylvania, 19123, known as Pier 24.

9.     On or about September 24, 2013, Petitioners received a Complaint in a lawsuit captioned *Bocchino v. Ben Franklin Yacht, et al.*, filed as Case No. 130902347 in the Court of Common Pleas for Philadelphia County, Pennsylvania (the "Lawsuit"). A copy of this Complaint is attached hereto as **Exhibit "A"**.

10.    Claimant in the Lawsuit — Michael Bocchino — alleges that on May 3, 2013, he was a patron on a cruise of the BEN FRANKLIN YACHT and that following the cruise he was assaulted on the vessel and/or in the parking lot near the dock where the BEN FRANKLIN YACHT had moored on the Delaware River by "unknown patrons of the cruise and/or agents, servants workmen and/or employees of Defendants causing Plaintiff to suffer severe and

grievous injuries" (Complaint at ¶8) and that his injuries were caused by the "staff of Defendants' cruise" (Complaint at ¶12) (hereinafter the "Incident").

11. In the Lawsuit, Claimant Bocchino is seeking recovery "in excess of $50,000.00," describing injuries to the head, neck, back, shoulders, arms and legs, and multiple fractures of the cheek, jaw and orbital bone.

12. Claimant Bocchino avers that the Incident was caused by negligence, carelessness and outrageous conduct on the part of the owner and operator of the BEN FRANKLIN YACHT ("Petitioners"), as well as negligence, carelessness and outrageous conduct of other defendants, referred to in the underlying Complaint as John Doe(s)(1-5) and ABC Corporation.

13. Written notice of Claimant Bocchino's potential claims against Petitioner arising from the alleged incident was first received by Petitioner on or after July 18, 2013, when Petitioner received a letter from counsel for Claimant Bocchino, dated July 16, 2013, advising of the Incident of May 3, 2013, which was alleged to have been caused by the actions of Petitioner. The letter further advised that Claimant Bocchino would be asserting a claim as a result of the injuries alleged to have been sustained in the Incident. A copy of this letter is attached hereto as **Exhibit "B"**.

14. Petitioner denies that they were negligent or in any way responsible for the Incident.

15. At all times pertinent hereto, the BEN FRANKLIN YACHT was taught, staunch, strong, fully and properly manned, equipped, and supplied, and in all respects seaworthy and fit for the service for which she was engaged, and Petitioner exercised due diligence to make her so.

16. At all material times, Petitioner exercised reasonable care as owner of the Vessel.

17. Any losses, injuries, or damages arising from the Incident were not caused by any fault, neglect, carelessness or want of due care by Petitioner or anyone for whom Petitioner was responsible, and in any event were occasioned or incurred without Petitioner's privity or knowledge.

18. Petitioner denies that it or the Vessel or any persons for whom it may be responsible is/are liable to any extent in the premises. Petitioner desires to claim exoneration from all liability for all damages done, occasioned, and incurred by reason of the matters aforesaid; Petitioner alleges that it has valid defenses to all such claims and that it is not liable therefore.

19. In the alternative, and without admitting liability, the incident occurred without the privity or knowledge of Petitioner, or anyone whose privity or knowledge is imputable to Petitioner. Accordingly, in the event that Petitioner, *in personam*, or the Vessel *in rem*, may be held responsible to any parties by reason of the matters herein set forth, Petitioner claims the right to limit any such liability, as provided in the Limitation of Shipowners' Liability Act, 46 U.S.C. §§30501-30512, and all laws supplementary thereto and amendatory thereof.

20. In the Case Management Conference Memorandum served by Claimant Bocchino on the Philadelphia Court of Common Pleas on or about December 27, 2013, Claimant Bocchino stated a demand in the amount of $1,500,000. See **Exhibit "C"**. This claimed damage amount exceeds the total sum or sums for which Petitioner may be legally responsible or may be required to pay under applicable statues and laws governing exoneration from, and limitation of liability.

21. All claimants and suitors of whom Petitioner has knowledge as of the time of filing this Petition are named in Paragraphs 4 and 5 above, and it is anticipated that one or more

of these parties may or will bring claims against Petitioner as a result of the Incident and Claimant Bocchino's alleged injuries.

22. Apart from the Lawsuit and claims arising from the Incident, Petitioner is aware of no other actions or proceedings, or any unsatisfied liens or claims of lien, relating to the Incident.

23. Petitioner's interest in the Vessel immediately after the incident and at the termination of the voyage was not in excess of Six Hundred Seventy-Five Thousand Dollars ($675,000.00). There was no freight pending or recoverable, so that the aggregate amount and value of Petitioner's interest in the Vessel and her pending freight at the end of the voyage, therefore, did not exceed the aforementioned amount.

24. The Vessel was not damaged as a result of this Incident.

25. This Petition is being filed within six (6) months from the date that Petitioner first received written notice of claim regarding the aforesaid Incident.

26. In these circumstances, Petitioner proposes to give security in the form of a surety bond in the principal amount of Six Hundred Seventy-Five Thousand Dollars ($675,000.00), with provisions for interest at the rate of six percent (6%) per annum as required by the Supplemental Admiralty Rule F(1).

WHEREFORE, Petitioner prays that this Honorable Court:

(1) That the Court enter an order approving Petitioner's filing of a surety bond in the amount of Six Hundred Seventy-Five Thousand Dollars ($675,000.00) plus interest at the rate of six percent (6%) per annum as required by the Supplemental Admiralty Rule F(1), without

PBH418109.1

prejudice to any interested party's right to seek a modification in the amount of the security as provided by Supplemental Admiralty Rule F(7);

  B. That the Court enter an order directing the issuance of a notice to all persons claiming losses or injuries or damages arising from the Incident, citing them to appear before this Court and make due proof of their claims, and also to appear and answer the allegations of this Complaint on or before a date to be fixed in the notice, or be thereafter barred from making any such claims against the Vessel or against Petitioners or any other person for whose acts or omissions Petitioners may be liable in respect of the Incident;

  C. Issue an Order restraining, staying, and enjoining the commencement or the further prosecution of any and all actions, suits and legal proceedings of any nature or description whatsoever presently pending in any jurisdiction concerning the incident other than in the present proceeding, including the case entitled *Bocchino v. Ben Franklin Yacht, et al.*, presently pending in the Court of Common Pleas for Philadelphia County, Pennsylvania, with docket number 130902347, and including any actions against Petitioner, its agents, representatives, members or insurers, the Vessel or any other property of Petitioner in respect of any claim for loss, damage, injury or expense arising out of the aforesaid Incident;

  D. Enter a judgment that Petitioner, *in personam*, and the BEN FRANKLIN YACHT, *in rem*, are not liable to any extent for any loss, damage, or injury, or for any claim therefore in any way arising out of, resulting from, done, occasioned or incurred by reason of the aforesaid Incident or, in the alternative, to the extent that Petitioner shall be adjudged liable and any claims against it are affirmatively proven, that the Court limit Petitioner's liability for all such claims to the value of Petitioner's interest in the BEN FRANKLIN YACHT after the incident, and that the money be paid be divided pro rata among such claimants as may duly

prove their claims, in accordance with the provisions of the Order herein above prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner and the Vessel from all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioner, its agents, representatives, members or insurers, the Vessel or any other property of Petitioner in consequence of or connected with the matters and happenings referred to in this Complaint; and

  E. That Petitioner may have such other and further relief as this Honorable Court may deem just and proper in the circumstances.

                Respectfully submitted,

                PALMER BIEZUP & HENDERSON LLP

Dated: January 13, 2014      By: /s/ Michael B. McCauley
                 Michael B. McCauley (ID 31748)
                 190 N. Independence Mall West, Suite 401
                 Philadelphia, PA 19106
                 (215) 625-9900
                 (215) 625-0185 (fax)
                 mmcauley@pbh.com
                 Attorneys for Petitioner